UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VALLEE VINCENT,

    Plaintiff,

v.                                                          Case No. 8:24-cv-2634-CPT

UNITED STATES OF AMERICA,

    Defendant.
_____/

**O R D E R**

Before the Court is the government's motion pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss Plaintiff Vallee Vincent's complaint. (Doc. 10). For the reasons set forth below, the government's motion is denied.

I.

This case stems from a car accident in August 2022 that involved a vehicle driven by Vincent and a truck operated by a United States Postal Service (USPS) employee. (Doc. 1). As a result of this collision, Vincent sustained injuries and retained an attorney, Mark Drasites, to represent her. (Docs. 1, 1-2).

In June 2023, Drasites advised the USPS by way of a letter that Vincent hired him to handle her case. (Doc. 16-1). The USPS responded to Drasites the next month

by mailing Drasites a Standard Form 95 Claim for Damage, Injury, or Death (SF-95 Form),[1] along with instructions for submitting the document. (Doc. 16-2).

Drasites completed the SF-95 Form, signed it "as [a]ttorney for [c]laimant," and returned it to the USPS in January 2024. (Doc. 1-2). Among other things, the form described the nature of Vincent's accident with the USPS driver, the impacted individuals, the injuries incurred, the amount of monetary relief sought, and Vincent's primary point of contact. *See id.*

Roughly six months later, in July 2024, the USPS informed Drasites in written correspondence that Vincent's claim had been assigned to the National Tort Center for adjudication and requested that Drasites furnish a police report, along with documentation signed by Vincent confirming that he was her lawyer. *Id.* Rather than supply the USPS with these items, Drasites commenced this action on behalf of Vincent in November 2024 by filing a complaint against the United States pursuant to the Federal Tort Claims Act (FTCA or the Act), 28 U.S.C. § 2671, et seq. (Doc. 1).

By way of its instant motion, the government now moves to dismiss this suit for lack of subject matter jurisdiction under Rule 12(b)(1) on the ground that Vincent did not exhaust her administrative remedies. (Doc. 10). Vincent filed a response in

---

[1] An "SF 95 [Form] is provided by the government as a 'convenient format for supplying the information necessary to bring an FTCA claim'" but "is not itself required to initiate an FTCA" action. *Copen v. United States*, 3 F.4th 875, 878, 883 (6th Cir. 2021) (quoting United States Department of Justice (DOJ), Documents and Forms, https://www.justice.gov/civil/documents-and-forms-0 (last visited May 19, 2021)).

opposition to the government's motion (Doc. 16),[2] and the matter is now ripe for the Court's review.[3]

II.

Before proceeding to the merits of the government's motion, the Court must first address the legal framework that governs its analysis. A Rule 12(b)(1) motion can be based upon either a facial or factual challenge to a court's subject matter jurisdiction. *See McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). A facial attack requires a court to accept the allegations in a plaintiff's complaint as true and to confine its evaluation of the matter to the four corners of that pleading. *See id.*; *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). A factual attack, by contrast, allows a court to go beyond the pleadings and to take into account evidence extrinsic to the complaint, such as testimony and affidavits. *See McElmurray*, 501 F.3d at 1251; *see also Goodman v. Sipos*, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001). The Eleventh Circuit has cautioned, however, that a court should only proceed with a factual challenge under Rule 12(b)(1) "[i]f the facts necessary to sustain jurisdiction do not implicate the merits of [a] plaintiff's cause of action." *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003) (citation omitted) (emphasis omitted). Where a factual challenge is brought, a plaintiff bears the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists.

---

[2] Vincent filed two responses that appear to be duplicative of each other. (Docs. 15, 16).
[3] The government also submitted a reply without first obtaining leave of the Court to do so. *See* (Doc. 17). Although the government's reply is improper, *see* M.D. Fla. R. 3.01(d), the Court considers the arguments raised therein in the interest of completeness.

*See OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002) (citation omitted); *Salerno v. Fla. S. Coll.*, 488 F. Supp. 3d 1211, 1216 (M.D. Fla. 2020) (citation omitted).

The government's Rule 12(b)(1) motion here involves a factual attack because Vincent and the government rely on documents outside the complaint to buttress their respective positions. These materials consist of pre-suit correspondence between the parties and—in the case of the government—a declaration by a USPS representative, Kimberly A. Herbst. *See* (Docs. 10-1, 16-1, 16-2, 16-3). As discussed below, the government's factual attack does not implicate the merits of Vincent's FTCA claim, and the Court may therefore entertain that challenge. *Morrison*, 323 F.3d at 925.

Having resolved this threshold issue, the Court now turns to the parties' arguments for and against the dismissal of this action. To better understand the parties' contentions, some background regarding the contours of the FTCA is necessary.

Sovereign immunity ordinarily shields the federal government and its agencies from civil liability. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). Congress, however, may "waive the United States's sovereign immunity and 'prescribe the terms and conditions on which [the government] consents to be sued,'" as well as "'the manner in which the suit shall be conducted.'" *Mader v. United States*, 654 F.3d 794, 797 (8th Cir. 2011) (en banc) (quoting *Beers v. State*, 61 U.S. (20 How.) 527, 529 (1857)).

The FTCA, which Congress enacted in 1946, *id.*, creates a limited waiver of the United States's sovereign immunity for tort claims "caused by the negligent or wrongful act or omission" of federal government workers "acting within the scope of

4

[their] office or employment." 28 U.S.C. § 1346(b)(1); *see also Motta ex rel. A.M. v. United States*, 717 F.3d 840, 843 (11th Cir. 2013). Under the FTCA, the United States is liable "to the same extent as a private individual . . . [pursuant to] the law of the [state] where the tort occurred." *Levin v. United States*, 568 U.S. 503, 506–07 (2013) (internal quotation marks and citation omitted); *see also Stevens v. Battelle Mem'l Inst.*, 488 F.3d 896, 899 n.3 (11th Cir. 2007) (noting that liability in an FTCA action is predicated on the law of the place where the government's act or omission took place).

At its inception, the FTCA afforded federal agencies little power to settle FTCA claims administratively. *McNeil v. United States*, 508 U.S. 106, 112 n.7 (1993). In 1966, however, Congress amended the FTCA to add two new provisions. The first, 28 U.S.C. § 2672, enhanced the ability of agencies to dispose of FTCA cases, while the second, 28 U.S.C. § 2675(a), imposed an exhaustion requirement for FTCA claims. *Mader*, 654 F.3d at 797 (citing *McNeil*, 508 U.S. at 112). As one court explained:

> Specifically, [by way of the 1966 amendments,] Congress broadened the settlement authority of agencies through the enactment of [section] 2672, which provides that federal agency heads, "in accordance with regulations prescribed by the Attorney General, may consider, ascertain, adjust, determine, compromise, and settle any [FTCA] claim." Along with [section] 2672, Congress enacted [section] 2675(a), which provides that "[a]n [FTCA] action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first *presented* the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency." The Supreme Court has recognized that "[t]he most natural reading of [section 2675(a)] indicates that Congress intended to *require complete exhaustion of Executive remedies before invocation of the judicial process*."

*Mader*, 654 F.3d at 797 (citation and footnote omitted) (emphasis added).

5

As the highlighted language in the above passage reflects, the FTCA's exhaustion requirement codified in section 2675(a) constitutes a jurisdictional prerequisite to bringing an action under the Act. *See McNeil*, 508 U.S. 106 at 113 ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."); *Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008) (same). Relevant here, to meet this exhaustion requirement, a claimant must "present" the appropriate agency with "minimal notice" of her claim in writing within two years after the claim accrues. *Adams v. United States*, 615 F.2d 284, 289 nn.8–9 (5th Cir. 1980);[4] *see also* 28 U.S.C. § 2401(b). Under Eleventh Circuit precedent, such "minimal notice" need only "place a value" on the claim and contain information that is "sufficient to enable the agency to investigate" the matter. *Burchfield v. United States*, 168 F.3d 1252, 1255 (11th Cir. 1999) (internal quotation marks and citation omitted); *see also Free v. United States*, 885 F.2d 840, 842 (11th Cir. 1989) (same). Once a claimant has properly presented her claim, she may not subsequently institute an FTCA action until either the agency has denied the claim or six months have passed since presentment.[5] 28 U.S.C. § 2675(a).

The FTCA's mandate that a claimant exhaust her administrative remedies in advance of litigation ensures that the agency can "assess its potential liability" early

---

[4] The Eleventh Circuit, in its en banc decision in *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), adopted as precedent the opinions of the former Fifth Circuit rendered prior to October 1, 1981.
[5] The FTCA's exhaustion requirement is sometimes referred to "as a 'presentment requirement' . . . because plaintiffs must present their claims to the agency but do not always need to wait until the agency rules on their administrative claim[s] before proceeding in federal court." *Estate of Van Emburgh by and through Van Emburgh v. United States*, 95 F.4th 795, 800 n.2 (4th Cir. 2024) (citation omitted).

on in the process and decide whether to "settle or defend the claim." *Free*, 885 F.2d at 842. As such, the exhaustion requirement furthers two congressional objectives. For one, it "ease[s] court congestion and avoid[s] unnecessary litigation, while making it possible for the [g]overnment to expedite the fair settlement of tort claims asserted against the United States." *Adams*, 615 F.2d at 288 (quoting S. Rep. No. 1327, 89th Cong., 2d Sess. 6, reprinted in (1966) U.S. Code Cong. & Admin. News, pp. 2515, 2516); *see also Collins v. United States*, 996 F.3d 102, 109 (2d Cir. 2021) ("Congress enacted th[e] jurisdictional presentment requirement 'in 1966 as part of a package of amendments designed to facilitate out-of-court settlement of [FTCA] claims.'") (quoting *GAF Corp. v. United States*, 818 F.2d 901, 905 (D.C. Cir. 1987)). For another, it promotes "more fair and equitable treatment of private individuals and claimants when they deal with the [g]overnment or are involved in litigation with their [g]overnment." *Adams*, 615 F.2d at 288 (internal quotation marks and citation omitted).

In this case, there are two sets of regulations pertinent to the government's exhaustion argument. The first are regulations promulgated by the DOJ pursuant to its authority under section 2672 that describe the settlement procedures to be followed by agencies and claimants. *See* 28 C.F.R. §§ 14.1–14.11; *see also Adams*, 615 F.2d at 286. The second are regulations promulgated by the USPS and other federal agencies pursuant to 28 C.F.R. § 14.11 that authorize the agencies to adopt their own supplemental rules governing the administration of the FTCA claims before them. *See* 28 C.F.R. § 14.11; *see also Dotson v. United States*, 30 F.4th 1259, 1266–67 (11th Cir.

2022) (remarking that the USPS, along with other governmental agencies, have implemented regulations that apply to FTCA claims) (citing 28 C.F.R. § 14.11; 39 C.F.R. pt. 329).

The particular regulation at issue here—and the one upon which the government relies—is 39 C.F.R. § 912.6(e), which concerns the presentment of a claim to the USPS. Section 912.6(e) states that a legal representative's written notice of a claim to the USPS must be "accompanied by evidence of [the representative's] authority to present . . . [the] claim on behalf of the claimant[.]" 39 C.F.R. § 912.6(e).[6] The government maintains that Vincent did not abide by this directive because her lawyer, Drasites, did not furnish the USPS with the requested documentation confirming that Vincent had retained Drasites within the two-year statute of limitations period.[7] (Doc. 10).

There is a split in the circuits as to whether a claimant's submission of evidence of a representative's authority to present an FTCA claim on behalf of the claimant is necessary to establish federal jurisdiction. *See Mader*, 654 F.3d at 798. While not directly on point, the Eleventh Circuit's decision in *Free* is instructive in this regard. In *Free*, the claimant's brother passed away while the brother was being treated at a Veterans Administration (VA) medical center. *Free*, 885 F.2d at 841. The claimant subsequently presented a claim to the VA within the applicable statute of limitations

---

[6] Section 912.6(e) mirrors a regulation promulgated by the DOJ and is reflected in the SF-95 Form itself. *See* 28 C.F.R. § 14.2(a); (Doc. 1-2 at 3).

[7] It is uncontested that Vincent herself did not present a signed claim to the USPS.

8

period but before the claimant had been designated as the administrator of his brother's estate. *Id*. When the VA asked for but was not supplied evidence that the claimant had been appointed as his brother's representative, it rejected the claim. *Id*. In moving for reconsideration of this ruling, the claimant showed that he had secured authorization to serve as the estate's temporary administrator, albeit after the limitations period had run. *Id*. The VA nonetheless denied the claimant's reconsideration motion, deeming his claim to be time-barred. *Id*.

The claimant then sued the United States in district court under the FTCA. *Id*. The government responded by moving dismiss the action, arguing that "it did not receive a claim within the meaning of section 2675 until the administrator filed his claim outside the statutory period," even though it conceded the claim contained enough information "to allow [the VA] to investigate" the brother's death and "stated a sum certain for recovery." *Id*. at 842. The district court denied the government's motion to dismiss and certified a question for interlocutory appeal to the Eleventh Circuit: "[W]hether a claimant who files a claim during the statutory period, but who does not meet the settlement requirements of the agency until after the statute has run, may maintain a lawsuit against the United States pursuant to the FTCA?" *Id*.

The Eleventh Circuit answered this question in the affirmative, noting that section 2675's "presentment requirements" were "distinct" from section 2672's "settlement requirements." *Id*. at 843. With this principle in mind, the court concluded that the operative inquiry was whether a claimant had submitted the requisite notice under section 2675 and not whether the claimant satisfied "all

9

settlement related requests for information'" made by the agency pursuant to its regulations. *Id.* at 842 (quoting *Adams*, 615 F.2d at 288). In arriving at this conclusion, the court emphasized:

> A federal court's power to adjudicate a claim brought against the United States depends solely on whether [a] claimant has previously complied with the minimal requirements of the [FTCA]. . . . Federal court power does not depend on whether a claimant has successfully navigated his or her way through the gauntlet of the administrative settlement process.

*Id.* (quoting *Adams*, 615 F.2d at 292). The court went on to find that the claimant's notice was adequate for purposes of section 2675 because it put the government "on notice to investigate the circumstances of . . . [the claim] and [also] made [the government] aware of the amount of the claim." *Id.* at 843.

The Eleventh Circuit's decision in *Free* is consistent with the rulings of a significant majority of the courts that have weighed in on the matter. *See, e.g.*, *Est. of Van Emburgh*, 95 F.4th at 802 ("'[T]he requirements of section 2675 and of section 2672 are . . . independent. Presentation of a claim and its settlement are distinct processes[.]'") (quoting *Adams*, 615 F.2d at 290); *Transco Leasing Corp. v. United States*, 896 F.2d 1435, 1443 (5th Cir. 1990) ("Because . . . the regulations promulgated pursuant to [section] 2672 are independent of the jurisdictional notice requirements of [section] 2675(a), the [claimant's] failure to comply with [the separate r]egulation . . . is not a jurisdictional bar to the claims[.]"); *Knapp v. United States*, 844 F.2d 376, 379 (6th Cir. 1988) ("[T]he regulations contained in [sections] 14.1–14.11 govern administrative settlement proceedings . . . [and] do not set federal jurisdictional

10

prerequisites.") (internal quotation marks and citations omitted); *GAF Corp.*, 818 F.2d at 905 (finding that the regulations contained in sections 14.1–14.11 "do not govern the jurisdictional requirements of [section] 2675(a)"); *Warren v. U.S. Dep't of Interior*, 724 F.2d 776, 778–79 (9th Cir. 1984) (determining that evidence of authority to act on a claimant's behalf is not jurisdictional); *Waters v. United States*, 2023 WL 34723, at *2 (M.D. Fla. Jan. 4, 2023) ("[A] plaintiff need not exceed . . . [section 2675(a)'s] 'minimal requirements' to satisfy the [FTCA's] presentment requirement[.]"); *but see Mader*, 654 F.3d at 803, 807 (ruling that "a properly 'presented' claim under [section] 2675(a) must include evidence of a representative's authority to act on behalf of the claim's beneficiaries under state law" and that a failure to satisfy this requirement constitutes a jurisdictional defect).

Applying the teachings of *Free* here, the Court finds that section 912.6(e)'s directive that a claimant tender evidence to the USPS establishing a legal representative's authority to file a claim does not constitute a jurisdictional prerequisite for bringing an FTCA action. *See Free,* 885 F.2d at 842–43. The Court further finds that Vincent demonstrates by a preponderance of the evidence that she validly presented her claim to the USPS under section 2675. The Court notes in this respect that, as discussed earlier, Vincent's SF-95 Form advised the USPS of the nature of the accident, the individuals involved, the injuries incurred, the amount of monetary relief sought, and Vincent's primary point of contact. *See* (Doc. 1-2); *see also Free*, 885 F.2d at 843. And since Vincent complied with section 2675(a)'s minimal notice requirement, her "failure to submit substantiating evidence [that Drasites represented

11

her] . . . does not deprive . . . [the C]ourt of subject matter jurisdiction over . . . [her] ensuing FTCA action[.]" *Collins v. United States*, 996 F.3d 102, 119 (2d Cir. 2021); *see also Blair v. I.R.S.*, 304 F.3d 861, 868 (9th Cir. 2002) ("The claim presentation requirement of the FTCA is designed to ensure that compensation is provided in a fair and equitable manner, not to provide a basis for a regulatory checklist which, when not fully observed, permits the termination of claims regardless of their merits.") (internal quotation marks and citation omitted).

In an attempt to persuade the Court to reach a different result, the government asserts in its reply that construing section 912.6(e)'s requirements to be non-jurisdictional will increase the risk that the USPS will be paying settlement funds to unauthorized third parties. (Doc. 17 at 2). This contention fails. As one court in this Circuit has observed, a claimant's failure to adhere to the FTCA's implementing regulations might prevent an agency from negotiating a settlement with the claimant but does not preclude the claimant from filing an FTCA suit. *See Larcheveaux v. United States*, 2017 WL 8292438, at *6 (N.D. Ga. Oct. 2, 2017) ("Although the [agency] could have refused to negotiate a settlement with [the p]laintiff because her claim form did not comply with the requirement of the regulations that she be an administrator of the [d]ecedent's estate, this did not prevent [the agency] from reviewing the merits of the claim[,] nor did it prevent [the p]laintiff from bringing an action in this [c]ourt.") (citation omitted); *see also Adams*, 615 F.2d at 290 ("Noncompliance with section 2672 deprives a claimant only of the opportunity to settle his or her claim outside the courts."); *Collins*, 996 F.3d at 119 ("To the extent [the applicable regulation] empowers

an agency to require the production of evidence to facilitate its consideration of settlement, a claimant who fails to respond to such a demand to the agency's satisfaction may be denied an administrative settlement[.]").

III.

For the reasons set forth above, the government's motion to dismiss Vincent's complaint pursuant to Rule 12(b)(1) (Doc. 10) is denied.

SO ORDERED in Tampa, Florida, this 4th day of September 2025.

_____
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record